**Elaine BUSHEY, Plaintiff,**

v.

**Dr. Paul DERBOVEN, et al., Defendants.**

Civil No. 96–120–B.

United States District Court,
D. Maine.

Nov. 26, 1996.

Richard Silver, Russell, Lingley & Silver, Bangor, ME, for Plaintiff.

Peter J. Brann, Assistant Attorney General, Augusta, ME, for Defendants.

### ORDER AND MEMORANDUM OF DECISION

BRODY, District Judge.

■ Plaintiff, Elaine Bushey, Personal Representative for the Estate of Beatrice Dobson, sues Defendants, the Bangor Mental Health Institute (BMHI), Dr. Paul Derboven of BMHI, and two Jane Doe nursing employees of BMHI whose identities presently are unknown, pursuant to 42 U.S.C. § 1983 for violations of Dobson's constitutional rights while she was a patient at BMHI. Specifically, Plaintiff alleges that Defendants failed to provide adequate medical care in violation of Dobson's substantive due process rights under the Fourteenth Amendment. *Youngberg v. Romeo,* 457 U.S. 307, 324, 102 S.Ct. 2452, 2462, 73 L.Ed.2d 28 (1982). Defendants BMHI and Derboven filed a Motion to Dismiss on July 17, 1996, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1] For the reasons set forth below, the Court grants BMHI's Motion to Dismiss and denies Derboven's Motion to Dismiss.

### I. MOTION TO DISMISS

In a Motion to Dismiss brought under Rule 12(b)(6) the Court takes all of Plaintiff's factual averments as true and indulges every reasonable inference in Plaintiff's favor. *Talbott v. C.R. Bard, Inc.,* 63 F.3d 25, 27 (1st Cir.1995). The Court may grant Defendants' Motion to Dismiss "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 52 (1st Cir.1990).

### II. BACKGROUND

Beatrice Dobson was a patient at BMHI off and on from 1957 to 1993. The severity and permanence of her mental illness necessitated her admission at BMHI a total of seventeen times, both as a voluntary and involuntary patient. Since 1957 she left BMHI for limited periods of time ranging from one week to several months.

In December 1986 BMHI officials sent Dobson to Seven Elms Boarding Home (Seven Elms) in Washington, Maine. Administrators and a physician at Seven Elms soon decided that Dobson had become psychotic and dangerous to herself and to others and would be better treated at BMHI. On May 22, 1987, Dobson was admitted to BMHI for the last time. Because Dobson was incapacitated due to her mental illness, however, BMHI employees completed her admission form. On the admission form, Dobson was admitted as a voluntary, rather than an involuntary, patient.

From the date of this most recent admission until January 13, 1993, Dobson was kept heavily medicated for her own safety and for the safety of others. On January 13, 1993, a nurse at BMHI (Jane Doe # 1), dispensed medication to Dobson that was intended for another patient. Jane Doe # 1 discovered the mistake, called Derboven, the on call physician, and told him what had happened. Derboven told Jane Doe # 1 to withhold all medications until morning. Dobson's vital signs were taken at four separate occasions throughout the night. At 1:35 a.m. another nurse at BMHI (Jane Doe # 2) took Dobson's vital signs, which gave a clear indication of Dobson's cardiac and respiratory distress. Jane Doe # 2 merely recorded the information and failed to take any other action. At 3:00 a.m. a BMHI nurse observed that Dobson stopped breathing. Dobson was taken to Eastern Maine Medical Center and was pronounced dead at 3:58 a.m.

---

1. Plaintiff asks the Court to consider Defendants' Motion to Dismiss as a Motion for Summary Judgment because both Plaintiff and Defendants submitted matters outside the pleadings. Fed. R.Civ.P. 12(b)(6). The Court "has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion." 5A Wright and Miller, *Federal Practice and Procedure,* § 1366, at 491 (1990). The Court rejects the matters submitted outside the pleadings and considers Defendants' motion as a Motion to Dismiss.

Plaintiff claims that Dobson, although nominally admitted as a voluntary patient in 1987, was nevertheless a "de facto" involuntary ward of the State and, as such, had the substantive due process right to receive adequate medical care pursuant to the Supreme Court cases *Youngberg v. Romeo,* 457 U.S. 307, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982), and *DeShaney v. Winnebago County Dep't of Social Servs.,* 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). Defendant Derboven argues that there is no such thing as a "de facto" involuntary patient. Derboven contends that Dobson was a voluntary patient, for whom the substantive due process right to proper medical care did not attach. Therefore, Derboven alleges, the complaint against him should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Defendant BMHI claims that it is not a "person" within the meaning of § 1983; accordingly, the complaint should be dismissed as to it pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

### III. § 1983

█ Section 1983 of the United States Code states in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The Supreme Court held in *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), that a State is not a "person" under § 1983, and therefore may not be sued for damages in a § 1983 action. The First Circuit held that this exclusion applies to state agencies as well. *See Wang v. New Hampshire Board of Registration in Medicine,* 55 F.3d 698, 700 (1st Cir.1995). BMHI is a "mental hospital created by statute and maintained by the State." *Darling v.*

*AMHI,* 535 A.2d 421, 423 (Me.1987); 34–B M.R.S.A. § 3201. It is, consequently, a state agency. BMHI's Motion to Dismiss for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1), is granted.

### IV. SUBSTANTIVE DUE PROCESS

█ In *Youngberg v. Romeo,* 457 U.S. 307, 324, 102 S.Ct. 2452, 2462, 73 L.Ed.2d 28 (1982), the Supreme Court held that an involuntarily committed mental patient enjoys "constitutionally protected interests in conditions of reasonable care and safety, ... and such training as may be required by these interests." The Court held that these rights flow from the Fourteenth Amendment's Due Process Clause. In *DeShaney v. Winnebago County Dep't of Social Servs.,* 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), the Supreme Court further explained the source and extent of these rights. The Court wrote that for substantive due process purposes, "it is the State's affirmative act of restraining the individual's freedom to act on his own behalf—through incarceration, institutionalization, or other similar restraint of personal liberty—which is the "deprivation of liberty" triggering the protections of the Due Process Clause...." *Id.* at 200.

In order for Plaintiff to state a claim upon which relief can be granted, therefore, she must allege that BMHI officials restrained Dobson against her will. It is not enough to argue that it was Dobson's "own mental condition alone that impinged upon [her] freedom to leave...." *Monahan v. Dorchester Counseling Center,* 961 F.2d 987, 992 (1st Cir.1992). Instead, Plaintiff must allege that Dobson was held at BMHI involuntarily and would have been barred from leaving BMHI upon request. Although Plaintiff does not make this claim specifically in her complaint, she does allege enough facts from which the Court can conclude that, notwithstanding the fact that Dobson was admitted on paper as a voluntary patient, BMHI employees would not have permitted Dobson to leave BMHI had she requested to do so.

█ The Court finds the following facts particularly noteworthy: First, administrators and a physician at Seven Elms decided

to return Dobson to BMHI on May 22, 1987, because they considered Dobson to be a danger to herself and to others. Dobson did not make that decision herself. Second, BMHI employees completed Dobson's admission form because Dobson was unable to complete the form herself. Third, BMHI employees admitted Dobson ostensibly as a voluntary patient. Dobson did not admit herself as a voluntary patient. Fourth, from the time of her most recent admission in 1987 until the time of her death in 1993, Dobson was kept heavily medicated for her own safety and for the safety of others. Under Maine statutory law, an individual who suffers from mental illness and is considered to be a danger to her own safety and to the safety of others may be involuntarily committed to a state mental hospital. 34–B M.R.S.A. § 3863. Fifth, when Dobson was given the wrong medication in 1993, she had been a patient at BMHI for over five years since the date of her most recent admission in 1987. These facts suggest that BMHI exercised total control over Dobson regarding her admission to and final stay at BMHI. Significantly, the facts suggest that BMHI officials might not have permitted Dobson to leave BMHI even if she had requested to do so. The sole fact that Dobson was admitted ostensibly as a voluntary patient on the admission form is not determinative. The voluntary or involuntary status of the patient must be determined by the underlying facts. The admission form, in and of itself, is not determinative.

Consequently, Dobson may have had the substantive due process right to receive adequate medical care under *Youngberg* and *De-Shaney*. Defendant Derboven's Motion to Dismiss is denied.

## V. CONCLUSION

BMHI's Motion to Dismiss is granted because BMHI is a state agency and may not be sued for damages under § 1983.

Derboven's Motion to Dismiss is denied because Plaintiff has raised sufficient facts from which the Court could conclude that Dobson may have been held at BMHI against her will, giving Dobson the substantive due process right to receive proper medical care.

*SO ORDERED.*